DOMBROWSKI v. DECEMBER.

1. VENDOR AND PURCHASER—BURDEN OF PROOF ON PLAINTIFFS TO OVERCOME PRESUMPTION OF WRITTEN INSTRUMENT.

On a bill alleging that defendant was jointly named with plaintiffs as a vendee in a certain land contract as security merely, and praying that they be decreed entitled to all the interest of the vendees therein, the burden of proof was on plaintiffs to overcome the presumption, supported by defendant's testimony, that the written instrument was what it purported to be.

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence held, insufficient to sustain the burden of proof.

3. SAME—ASSIGNMENTS—LANDLORD AND TENANT—ACCEPTANCE OF PAYMENTS INCONSISTENT WITH CLAIM—ACCOUNTING.

Where an assignment to defendant of plaintiffs' interest in said contract was made the same day it was executed, and the conduct of defendant in accepting payments thereon from plaintiffs is inconsistent with his claim that said assignment was absolute, and that plaintiffs were

merely his tenants, each party will be decreed to be entitled to an undivided one-half interest therein, and the case remanded for an accounting.

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 10, 1921. (Docket No. 43.) Decided July 19, 1921.

Bill by Walter Dombrowski and another against Michael December to enjoin summary proceedings and establish an interest in a land contract. From a decree for plaintiffs, defendant appeals. Modified, and remanded.

*McIntyre & Robinson,* for plaintiffs.

*Barbour, Field & Martin,* for defendant.

SHARPE, J. The plaintiffs as husband and wife and the defendant entered into a land contract, dated February 23, 1917, for the purchase of a lot and the dwelling house thereon in Hamtramck with George A. Ducharme for the sum of $4,400. The plaintiffs had theretofore made a deposit of $50, and the balance of $550 was paid by the defendant at the time the contract was executed. The balance was to be paid in monthly installments of $30. A written assignment of all plaintiffs' interest in this contract to defendant was made on February 26, 1917. While bearing different dates, it is apparent that both the contract and the assignment were executed on the same day. The defendant then went to live with the plaintiffs and they together occupied the ground floor of the building and rented the second story. Plaintiffs claim that defendant's name was inserted in the contract and the assignment made as security for the money advanced by him. Defendant claims that by the assignment he became and now is the owner of the entire contract interest and that plaintiffs were

merely tenants holding under him.    On August 11, 1919, defendant served a notice to quit on plaintiffs and soon thereafter began a summary proceeding before a circuit court commissioner to recover possession. Pending the determination of such proceeding, the plaintiffs filed the bill of complaint herein, asking that its further prosecution be enjoined, alleging that defendant's only interest in the property was by way of security for the money advanced, proffering to pay this when determined, and praying for a decree declaring them entitled to all the interest of the vendees in the contract with Ducharme.    From a decree in plaintiffs' favor, the defendant has appealed.

There is little aside from the facts as stated on which the parties agree.    It appears that the monthly payments on the contract, and the taxes, insurances, water rates, etc., were all paid by the defendant.    The plaintiffs testified that he was paying them for board and room and that, defendant being employed at night work, they paid to him the sums sufficient, in addition to those due by him monthly for board and room, to make such payments and he made them as a matter of convenience, while defendant testified that plaintiffs paid him rental and had nothing to do with the payments or any interest in the property after the assignment was made.

The parties are jointly named as vendees in the contract.    The burden was on the plaintiffs to introduce sufficient proof to overcome the presumption, supported by defendant's testimony, that the written instrument was what it purports to be.    This, we think, they have failed to do.    We arrive, however, at a different conclusion as to the assignment.    The plaintiffs rented the upper part of the building, collected all the rentals, the rent being frequently paid to them in the presence of the defendant, made certain repairs on the premises, and in August, 1918, paid

defendant $330. No claim is made by defendant that this was for rent then due. He admits that he gave them a receipt for it about two weeks later and says that while he had used some of it he was "ready and willing to give the money back to him at any time." His receipt of this money is entirely inconsistent with his claim that the assignment was absolute.

The conclusion we have reached from a careful consideration of the entire record is that plaintiffs intended to purchase the property for themselves, that they were unable to raise the money to make the down payment, that defendant at their request became the purchaser of an undivided one-half interest with them, and that the assignment was made to secure the defendant for plaintiffs' share of the money advanced by him.

We are unable to determine the state of the account between the parties on their joint purchase. Further proofs will be needed to do so. The decree will be modified to conform to this opinion and the record remanded for an accounting and such further proceedings as are necessary not inconsistent with the views we have expressed, with leave to either party to introduce such further proof of moneys paid out or received by either on joint account as may be desired. The defendant will recover his costs of this court.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.